## Case No. 1,200.

### The BEAVER.

[8 Ben. 594.] [1]

District Court, E. D. New York. Dec. Term, 1876.

PRACTICE IN ADMIRALTY—EXCEPTIONS TO RULINGS OF COMMISSIONER.

1. Objections taken to the rulings of a commissioner, as to the admission of evidence in the course of a reference to ascertain damages,

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

may be brought up for review on exceptions, after the report is made, or, if necessary, may be brought up on a certificate of the commissioner pending the reference.

2. The case of The Transit, [Case No. 14,-138,] criticised.

In admiralty.

Scudder & Carter, for libellant.
Beebe, Wilcox & Hobbs, for claimant.

BENEDICT, District Judge. A question of practice has been raised in this case which I supposed to have been long considered settled. It is, whether upon a reference in an admiralty cause to a commissioner to ascertain the amount of the damages to which a party has become entitled by an interlocutory decree, it is competent for the commissioner to rule upon objections taken to the admission of testimony upon the ground of irrelevancy, and whether such rulings can be brought up for review on exceptions after the report is made.

Cases may arise where it is proper to take the opinion of the court as to the correctness of a ruling of the commissioner at the time of the objection, as for instance when the commissioner excludes evidence offered to be given by a witness about to go to sea or when the testimony may be lost if not then taken. In such a case an immediate decision of the court may be obtained by means of a certificate of the commissioner as to his ruling. But here no facts are stated showing any necessity for taking the opinion of the court upon a certificate of the ruling that is objected to. In the absence of any such facts the proper practice is for the commissioner to proceed to a report, which, with the evidence and the rulings of the commissioner upon the objections taken to the admission of evidence, can be brought before the court upon proper exceptions taken to the conclusions of the report and to such rulings of the commissioner as were objected to at the time. In this way the reference can proceed to a termination without delay being caused by objection to testimony, and so the cause have dispatch without injustice. This course has often been pursued. To hold that every objection to evidence taken before the commissioner has the effect to stop the reference and transfer the cause into court, to await the determination of the court upon the objection taken, would go far to render such references a means of delaying, instead of furthering, the disposition of the cause.

The case decided by Judge Blatchford—The Transit, [Case No. 14,138]—to which reference is made, I do not consider to be in point. In that case the exceptions appear to have been to the report alone and exceptions to the rulings as to the admission of evidence do not appear to have been taken at the time. If it was intended to decide that the correctness of the commissioner's rulings upon evidence could in no case be examined into after report made, I cannot

agree with it. The following cases show a different rule: The Commander in Chief, 1 Wall. [68 U. S.] 44; The Trial, [Case No. 14,-170;] Holmes v. Dodge, [Id. 6,637.]

The order must be to the commissioner to proceed with the reference in accordance with the practice here indicated.